2001 ME 161

**Leon E. DUDLEY**

v.

**BURNS & ROE CONSTRUCTION GROUP et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 7, 2001.
Decided: Nov. 28, 2001.

Douglas S. Kaplan (orally), Kaplan & Grant, Portland, for employee.

Richard D. Bayer (orally), MEMIC, Portland, for employer.

Panel: CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1] Burns & Roe Construction Group appeals from a decision of a hearing officer of the Workers' Compensation Board granting the employee's petition to calculate his compensation rate. The hearing officer concluded that the employee, whose average weekly wage exceeds the statutorily established benefit cap, is entitled to an annual adjustment in benefits as the benefit cap is adjusted pursuant to 39–A M.R.S.A. § 211 (2001). The employer contends that section 211 provides the maximum benefit for the employee's date of injury and that the employee is not entitled to increases in the benefit cap. We affirm the decision of the hearing officer.

## I. BACKGROUND

[¶ 2] The parties appropriately presented the single legal issue in this matter to the hearing officer on the following stipulated facts. On May 15, 1997, Leon Dudley suffered a work-related injury while employed by Burns & Roe, and has remained totally incapacitated since the date of his injury. Dudley's average weekly wage at the time of the injury was $1,345.99.

[¶ 3] In August of 2000, Dudley filed a petition to calculate his compensation rate, contending, in pertinent part:

5. Because my compensation rate exceeds the state maximum compensation rate, I have been receiving $441.00 per week in total incapacity benefits since my injury.

6. Effective July 1, 2000, the state maximum compensation rate for all injuries occurring after January 1, 1993, increased to $458.83.

7. The employer/insurer has refused to increase my benefits to the current state maximum compensation rate.

[¶ 4] The hearing officer granted Dudley's petition in December of 2000, concluding that he "is entitled to an increase in his compensation rate to $458.83 as of July 1, 2000 and that he was entitled to an

increase in compensation rate to $441.10 as of July 1, 1999." We granted the employer's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).

## II. DISCUSSION

[¶ 5] Dudley is receiving benefits for total incapacity pursuant to 39–A M.R.S.A. § 212, which provides, in pertinent part:

**1. Total incapacity.** While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to 80% of the employee's after-tax average weekly wage, *but not more than the maximum benefit under section 211.* Compensation must be paid for the duration of the incapacity.

. . . .

39–A M.R.S.A. § 212 (2001) (emphasis added). The maximum benefit, addressed in section 211, is described as follows:

Effective January 1, 1993, the maximum weekly benefit payable under section 212, 213, or 215 is $441 or 90% of state average weekly wage, whichever is higher. Beginning on July 1, 1994, the maximum benefit level is the higher of $441 or 90% of the state average weekly wage as adjusted annually utilizing the state average weekly wage as determined by the Department of Labor.

39–A M.R.S.A. § 211 (2001). Pursuant to the instructions contained in section 211, the Board increased the maximum rate to $441.10, effective July 1, 1999, to $458.83, effective July 1, 2000, and to $471.76, effective July 1, 2001.

[¶ 6] The hearing officer concluded that Dudley was entitled to the newly established maximum benefit levels. Burns &

Roe argues that section 211 may not be applied as a means of increasing an employee's benefit payments once established and that it provides a method of calculating the maximum rate to be applied in a new award of benefits only. In essence, the employer reads section 212 as if it said: "the employer shall pay the injured employee a weekly compensation equal to 80% of the employee's after-tax average weekly wage, but not more than the maximum benefit under section 211 *at the time the benefit is established.*"

[¶ 7] The plain language of section 212 refutes the employer's position. Pursuant to that section, an employee is entitled to 80% of his after-tax weekly wage, limited only by the benefit cap established by section 211. As that benefit cap fluctuates, so will the employee's benefit, unless and until the benefit reaches the 80% mark. In other words, the Legislature has established two caps on a high wage-earning employee's receipt of benefits: the 80% benchmark and the floating maximum benefit cap, whichever is lower.

[¶ 8] If the Legislature had intended to provide for a one-time per employee determination of the benefit cap in section 211, it could have said so.[1] Because neither section 211 nor section 212 contains any such limiting language, we conclude that when the employee is entitled to the statutory maximum benefit, he is also entitled to the benefit of adjustments in the cap made pursuant to section 211.

The entry is:

Judgment affirmed.

---

**1.** All previous interpretations of essentially similar language in former title 39 suggest that annual adjustments of existing awards of benefits are permissible. *See Marchand v.* *Eastern Welding Co.,* 641 A.2d 190, 192 (Me. 1994); *Bernard v. Cives Corp.,* 395 A.2d 1141, 1146 (Me.1978).